BENJAMIN B. TAYLOR *vs.* PATRICK LYNCH & Trustees.

The written order of a workman, accepted by his employer, to pay wages to a certain amount, to be earned under an engagement then existing, though of uncertain duration, for an agreed price, payable monthly, the consideration of which order is necessaries to be furnished by the payee for the support of the workman and his family, is a good assignment as against a subsequent attachment of the wages by trustee process.

[A trustee in foreign attachment disclosed in his answer a valid assignment of the funds in his hands; the assignee was admitted as a claimant; the court of common pleas defaulted the claimant, and discharged the trustee; and the plaintiff appealed. *Held,* that the trustee must be discharged. 50, *note.*]

THE OLD COLONY IRON COMPANY, summoned as trustees, in answer to interrogatories put by the plaintiff, stated that the defendant had worked for them ten years, and now worked for them, but they were not, and never had been, under any agreement to employ him for any stipulated length of time; that his wages were seven shillings a day, payable monthly when he worked ; that the defendant on the 11th of September 1854 addressed to them the following order in writing : " Please pay Hathaway & Robinson or order the amount of my wages, to the amount of five hundred dollars, value received ; " that the object of this order, as the company understood, was to secure payment to Hathaway & Robinson for the necessaries they might furnish for the support of the defendant and his family ; that this order was accepted in writing by the company, and they had paid to Hathaway & Robinson all the wages earned by the defendant to the 9th of December 1854, being the last pay day, amounting to $74.55 ; that the defendant had earned, in the employ of the company, between said day and the day of the service of this writ, $35.16, which sum the company owed, under their contract, to Hathaway & Robinson.

Hathaway & Robinson, being admitted as parties to the suit, claimed the defendant's wages in the hands of the company, under the order above set forth. The court of common pleas discharged the trustees, and gave judgment for the claimants, and the plaintiff appealed.

Taylor *v.* Lynch & trustees.

*E. H. Bennett,* for the plaintiff. The trustees must be charged. The defendant, being at work by the day only and without any contract for the future, had at the time of the assignment no assignable interest in his future earnings. *Mulhall* v. *Quinn,* 1 Gray, 105. The order was not an assignment to the claimants, but only an authority to pay to them. *Carrique* v. *Sidebottom,* 3 Met. 297. There was no consideration for the order; as it does not appear that the trustees ever did advance any thing to the defendant under it.

*J. Brown,* for the trustees and claimants.

Thomas, J. This case is settled by the recent decision of this court in *Hartley* v. *Tapley,* 2 Gray, 565. The assignment made to the claimants was of wages to be earned under an engagement then existing, for an agreed price, payable at fixed periods of time; an agreement under which the defendant had been employed for ten years, and was at the time of the assignment actually at work.

It is clearly distinguished from the case of *Mulhall* v. *Quinn,* 1 Gray, 105. In that case there was no existing contract or engagement for labor at the time the assignment was made.

It is not within the principle settled in *Carrique* v. *Sidebottom,* 3 Met. 297; because the order upon which the claimants rely was for a good consideration, recently made, for a definite sum, to result from a then existing engagement, and was accepted by the company.          *Judgment affirmed.*\*

---

\* A similar decision was made at Taunton, October term 1856, in the case of Benjamin B. Taylor *vs.* Dennis Collins & Trustees, argued by the same counsel, the facts of which were precisely similar, except tnat the record of the court of common pleas showed that the claimants, after being admitted as a party to the suit, were defaulted, before the trustees were discharged. The plaintiff appealed, and contended that the claimants having failed to maintain their claim, the trustees were under no legal liability to pay the funds to them, and must therefore be held liable to the plaintiff. But the court, on the authority of *Taylor* v. *Lynch,*          *Discharged the trustees.*